UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUDOLPH ATKINS, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-cv-01689-PLC |
| MISSOURI DEPARTMENT OF MENTAL HEALTH, | ) ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff Rudolph Atkins' motion for leave to proceed *in forma pauperis*. Upon review, the Court finds that Plaintiff is unable to pay the filing fee. The Court will therefore grant the motion. The Court has also conducted the required review of the complaint and has determined that the complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard

Federal law requires this Court to review a complaint filed *in forma pauperis* and to dismiss the action if it fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This Court must liberally construe a layperson's complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even laypersons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### The Complaint[1]

Plaintiff is a resident of the Metropolitan St. Louis Psychiatric Center in St. Louis, Missouri. He filed the instant complaint against the Missouri Department of Mental Health

---

[1] The Court quotes the text verbatim without noting or correcting any errors.

pursuant to 42 U.S.C. § 1983. In setting forth his claim, he states that he was found incompetent and confined for five years. He writes: "No treatment was Ever done and Clayton County Sheriff kept me Hostage." (ECF No. 1 at 5). Where the form complaint provides space for Plaintiff to describe his injuries, he writes: "Court Order was Never Executed in a timely manner creul and unpsal punishment for 5 years/felony obstruction of Justices for 5 years P.t.S.D From this ordeal." *Id.* at 6. Plaintiff seeks monetary relief.

## Discussion

Plaintiff filed the complaint pursuant to § 1983 to seek monetary relief from the Missouri Department of Mental Health, a department of the State of Missouri. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, the State of Missouri and departments thereof are not "persons" within the meaning of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Plaintiff is therefore missing an essential element of a § 1983 claim. Additionally, the Eleventh Amendment shields States and their departments from suit in federal court. *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

There are two recognized exceptions to Eleventh Amendment immunity. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). The first is "where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second is when a State waives its immunity to suit in federal court. *Id*. at 65. Neither exception applies in this case. First, the Supreme Court has determined that § 1983 does not abrogate a State's Eleventh Amendment immunity from suit in federal court. *See Will,* 491 U.S. at 66. Second, the State of Missouri has not waived its

2

sovereign immunity for this type of case. *See* Mo. Rev. Stat. § 537.600 (explaining that sovereign immunity is in effect, and providing exceptions).

For the foregoing reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court finds that there could be no non-frivolous basis to argue that the complaint states a valid § 1983 claim against the Missouri Department of Mental Health or that Plaintiff's claims are not barred by the Eleventh Amendment. The Court will therefore certify that an appeal would not be taken in good faith. Finally, the Court will deny as moot Plaintiff's motion seeking the appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's motion for the appointment of counsel (ECF No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of January 2025.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE